UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------
:
JOSEPH CLAYTON SWANEY, : CASE NO. 5:20CV00517
:
    Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 2, 3, 4, 5, 6,10]
DETECTIVE MARINO, et al., :
:
    Defendants. :
:
-------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Joseph Clayton Swaney brings this action against defendants Detective Marino, Detective Gormsen, Lieutenant Short, the City of Kent, and the Kent Police Department (collectively "Defendants") under 42 U.S.C. § 1983. Plaintiff Swaney alleges that Defendants violated his rights under the Fourth Amendment of the United States Constitution[1] and certain state laws. For relief, he seeks $95,000,000.00.[2]

Swaney filed a motion to proceed with this action *in forma pauperis*.[3] That motion is granted.[4]

For the reasons that follow, Plaintiff's claims against defendants City of Kent and the Kent Police Department are dismissed. This case shall proceed against defendants Marino, Gormsen, and Short in their individual capacities.

---

[1] Doc. 1.

[2] *Id.* at 7.

[3] Also before the Court are Plaintiff's motions to suppress (Doc. 4), for discovery (Doc. 5), for a change of venue (Doc. 6), and for a civil protection order from the Kent Police Department pursuant to Ohio Rev. Code § 5101.70 (Doc. 10).

[4] Doc. 2.

Case No. 5:20CV00517
Gwin, J.

## I. Background

The events at issue here took place on July 17, 2019, when Plaintiff alleges that he was subjected to an illegal strip search by defendants Marino, Gormsen, and Short. Plaintiff says this search violated his rights under the Fourth Amendment.[5] Plaintiff filed a Motion to Commence Civil Action, which is granted, wherein he details the factual allegations supporting his complaint.[6]

Swaney states that he was stopped by Patrolman Auckland of the Kent Police Department in Kent, Ohio at 6:27 a.m. on July 17, 2019. At that time, Plaintiff was in possession of an alcoholic beverage and was advised by Auckland to dispose of the drink. Plaintiff complied. Auckland questioned Plaintiff as to his whereabouts and other matters. When another officer, Officer Darrah, arrived, they searched Plaintiff's possessions and frisked him for weapons, which Plaintiff states caused him discomfort and embarrassment. Plaintiff was then placed in handcuffs and into the cruiser. Patrolman Auckland and Officer Darrah are not defendants in this action.

In his factual allegations, Plaintiff relays what he states are the content of the police reports filed in connection with the events of July 17, 2019. The reports state that after he arrived at the Kent Police Department, he was required to remove his clothing and his clothing was collected as evidence. Photos were taken. Plaintiff describes these events as an "illegal strip search." Later, warrants were issued and a complaint was signed against him by Detective Travis of the Kent Police Department for rape and kidnapping. Plaintiff

---

[5] Doc. 1 at 6.
[6] Doc. 3.

Case No. 5:20CV00517
Gwin, J.

was then formally charged and arrested for those crimes.[7] Plaintiff states that he was acquitted of these charges on January 21, 2020.[8]

Plaintiff claims that the "strip search" conducted by Marino, Gormsen, and Short at the Kent Police Department without a warrant and before a complaint was filed against him violated his rights under the Fourth Amendment. Plaintiff also alleges that he was unlawfully detained and searched by Auckland and Darrah, and the fruits of that stop and search contributed to the probable cause for charging him with the crimes of rape and kidnapping, of which he was acquitted, but Auckland and Darrah are not defendants in this action. Plaintiff seeks $95,000,000.00 in compensation for illegal search and seizure, false arrest, police misconduct, defamation, and retaliatory prosecution that resulted from the events of July 17, 2019.[9]

II. Discussion

A. Standard of Review

Although *pro se* pleadings are liberally construed,[10] the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, lacks an arguable basis in law or fact, or defendants are immune from

---

[7] Doc. 3 at 3-4.

[8] *Id.* at 3. Plaintiff does not give a case number in the complaint, but in his "Motion to Suppress" he indicates a case number of 2019CR692. Doc. 4.

[9] *Id.* at 3-5.

[10] *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

-3-

Case No. 5:20CV00517
Gwin, J.

suit.[11] A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless.[12]

The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*,[13] and *Ashcroft v. Iqbal*,[14] governs dismissal for failure to state a claim upon which relief can be granted.[15] A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. Fed. R. Civ. P. 8(a)(2) governs basic federal pleading requirements[16] and requires that the pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief.[17]

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the *pro se* plaintiff.[18] That said, the Court is not required to accept as true legal conclusions couched as factual allegations.[19]

---

[11] *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir. 1996).

[12] *Neitzke,* 490 U.S. at 327.

[13] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007).

[14] *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

[15] *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

[16] *Twombly,* 550 U.S. at 564.

[17] *Iqbal,* 556 U.S. at 677-78.

[18] *Bibbo v. Dean Witter Reynolds, Inc.,* 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197).

[19] *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

Case No. 5:20CV00517
Gwin, J.

### B. 42 U.S.C. § 1983

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to state a claim under § 1983, Plaintiff must plead that the Defendants, acting under color of state law, deprived him of a right secured by the Constitution and law of the United States.[20]

### C. Analysis

#### 1. Defendant Kent Police Department is dismissed

In Ohio, police departments are not legal entities capable of being sued. Plaintiff's complaint against defendant Kent Police Department, an agency of the City of Kent, is construed as an official capacity suit against the City of Kent.[21] The City of Kent is already named as a defendant in this action.

Defendant Kent Police Department is dismissed from this action pursuant to 28 U.S.C. § 1915(e).

#### 2. Defendant City of Kent is dismissed

A local government cannot be held liable for the actions of its employees under § 1983 on a *respondeat superior* theory.[22] A municipality is only liable for a constitutional deprivation if there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.[23]

---

[20] *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986).

[21] *Monell v. New York City Dep't. of Social Services*, 436 U.S. 658, 690 (1978); see also *Hill v. Vill. of Hamler*, No. 3:18-CV-2726, 2019 WL 4813002, at *3 (N.D. Ohio Sept. 30, 2019) (city police departments are not legal entities capable of being sued and such suits are construed as against the city itself) (collecting cases and citing among authority *Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006) (the police department is not a juridical entity subject to suit under Ohio law) (citation omitted)).

[22] *Monell*, 436 U.S. at 691; see also *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994).

[23] *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

Case No. 5:20CV00517
Gwin, J.

To plausibly allege municipal liability, a plaintiff "must (1) identify a municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy."[24] The city's policy or custom "'must be the moving force of the constitutional violation in order to establish the liability of a government body under § 1983.'"[25] "'It is only when the execution of the government's policy or custom ... inflicts the injury that the municipality may be held liable under § 1983.'"[26] "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"[27]

Here, Plaintiff does not identify, or allege the existence of, a custom or policy of the City of Kent, or any facts from which this Court could reasonably infer, that defendants Kent Police Department, Marino, Gormsen, or Short (or Auckland and Darrah who are not defendants in this action) acted pursuant to any Kent custom or policy when allegedly violating Plaintiff's civil rights. Accordingly, Plaintiff fails to state a plausible claim against the City of Kent, and the City is dismissed from this action pursuant to 28 U.S.C. § 1915(e).

---

[24] *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't,* 8 F.3d 358, 364 (6th Cir. 1993)).

[25] *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

[26] *Id.* (internal quotation marks omitted) (quoting *City of Canton v. Harris,* 489 U.S. 378, 385 (1989)).

[27] *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (emphasis in original) (quoting *Pembaur v. Cincinnati,* 475 U.S. 469, 479-80 (1986)).

Case No. 5:20CV00517
Gwin, J.

### 3. Defendants Marino, Gormsen, and Short

Plaintiff's allegations against defendants Marino, Gormsen, and Short relate to a purported "illegal strip search" in violation of the Fourth Amendment after he was brought to the Kent Police Department by Auckland on July 17, 2019. Plaintiff does state whether his claims against these defendants are brought in their individual or official capacities.

To the extent he sues Marino, Gormsen, and Short in their official capacity as employees of the City of Kent, such claims are actually asserted against the City which is already a defendant in this action. As discussed above, Plaintiff has not identified or alleged a City custom or policy pursuant to which Marino, Gormsen, or Short acted when they allegedly violated his constitutional rights. Accordingly, Plaintiff's official capacity claims against Marino, Gormsen, and Short are dismissed pursuant to § 1915(e)(2).[28]

To the extent that Plaintiff brings his claims against Marino, Gormsen, and Short regarding the alleged unconstitutional strip search in their individual capacity, the Court finds that liberally construing the complaint and assuming the facts alleged to be true, these claims are not appropriate for dismissal on screening under § 1915(e)(2).

### III. Conclusion

Plaintiff's motion to proceed *in forma pauperis* and motion to commence civil action are granted.[29]

---

[28] *See Moniz v. Hines*, 92 F. App'x 208 (6th Cir. 2004) (affirming dismissal of plaintiff's § 1983 official capacity claim against police chief where plaintiff failed to allege that the police chief's claimed violations of his constitutional rights occurred pursuant to an official policy or custom of the township) (citations omitted).

[29] Doc. 2, 3.

-7-

Case No. 5:20CV00517
Gwin, J.

For the reasons stated above, defendants Kent Police Department and City of Kent, and Plaintiff's claims against defendants Marino, Gormsen, and Short in their official capacity, are dismissed from this action under to 28 U.S.C. § 1915(e)(2). This action shall proceed only as to Plaintiff's claims against Marino, Gormsen, and Short in their individual capacity regarding the alleged illegal strip search.

Because this case will proceed with Plaintiff's claims against Marino, Gormsen, and Short, Plaintiff's motions to suppress, discover, and for a civil protection order are premature and denied without prejudice.[30]

With respect to Plaintiff's motion for a change of venue, Plaintiff asks the Court to change the venue of this action from the federal courthouse in Akron, Ohio to the federal courthouse in Cleveland, Ohio.[31] The chambers of the undersigned is located in the Carl B. Stokes United States Courthouse in Cleveland, Ohio. Accordingly, Plaintiff's motion for a change of venue is moot and denied as such.

IT IS SO ORDERED.

Dated: March 10, 2021           *s/ James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE

---

[30] Doc. 4, 5, 10.
[31] Doc. 6.

-8-

Case No. 5:20CV00517
Gwin, J.