UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------------
: 
JOSEPH CLAYTON SWANEY, :
: CASE NO. 5:20-cv-00517
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 26]
DETECTIVE MARINO, ET AL., :
:
Defendants. :
:
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Swaney sues Kent Police Department Detective Marino, Detective Gormsen, and Lieutenant Short.[1] Plaintiff alleges that Defendants violated his Fourth Amendment rights by searching him for weapons during an arrest and by strip searching him during a jail booking.[2]

Defendants now move for summary judgment.[3] Plaintiff did not produce any evidence, respond to discovery requests, or respond to the summary judgment motion.[4]

For the following reasons, the Court **GRANTS** Defendant's summary judgment motion.

I. Background

Plaintiff filed a *pro se* complaint alleging Fourth Amendment violations during a 2019 arrest and jail booking.[5] Plaintiff alleged that the weapons search during his arrest violated his rights because the frisk of his genital area caused "great discomfort and

---

[1] Doc. 1 at 2-3, 5.
[2] Doc. 3 at 2-3.
[3] Doc. 26.
[4] Doc. 26-3 (Williams Declaration) at ¶¶ 4-7.
[5] Doc. 1.

Case No. 5:20-cv-00517
Gwin, J.

embarrassment."[6]  Plaintiff also alleged that police violated the Fourth Amendment by requiring Plaintiff to remove his clothing when police booked Plaintiff into jail.[7]

Plaintiff sued the City of Kent, the Kent Police Department, Detective Marino, Detective Gormsen, and Lieutenant Short.  This Court dismissed the claims against the City of Kent and the Kent Police Department but allowed the case to proceed against Defendants Marino, Gormsen, and Short in their individual capacities.[8]

According to the police report, police arrested Plaintiff Swaney while investigating rape allegations.[9]  The alleged victim reported Plaintiff Swaney as the perpetrator and identified Plaintiff as her assailant shortly after the alleged assault occurred.[10]  The victim gave Plaintiff's description.  She reported that she knew Plaintiff because they went to high school together and had known each other most of their lives.[11]

After interviewing the alleged victim, officers found and arrested Plaintiff Swaney.[12]  An officer patted Plaintiff down for weapons before arresting him.[13]

In a sworn declaration, Detective Marino describes Plaintiff Swaney's jail booking process.[14]  Detective Marino says that while Plaintiff Swaney was awaiting booking, Detectives Marino and Gormsen and Lieutenant Short instructed Plaintiff to remove his clothing to change into a jail uniform.[15]  Detective Marino said that he did not touch

---

[6] Doc. 3 at 2.
[7] *Id.* at 3.
[8] Doc. 11 at 1.
[9] Doc. 26-1 (Police Report) at 2.
[10] *Id.*
[11] *Id.* at 2, 4.
[12] *Id.* at 3.
[13] *Id.*
[14] Doc. 26-2 (Marino Declaration).
[15] *Id.* at ¶¶ 5-6.

-2-

Case No. 5:20-cv-00517
Gwin, J.

Plaintiff and he did not see Detective Gormsen or Lieutenant Short touch Plaintiff, either.[16]

Eight months after his arrest, Plaintiff Swaney filed this suit. After filing the lawsuit, Plaintiff Swaney did not respond to Defendants' discovery requests.[17] He also did not produce any evidence before this Court.

Plaintiff did not respond to Defendant's request for admissions.[18] By not responding to the requests within 30 days, Plaintiff established the truth of certain facts for purposes of this case.[19] Among other admissions, Plaintiff admitted that he was instructed to change into a jail uniform and that no Defendants touched him while he was changing.[20] Plaintiff also admitted that after changing into the jail uniform, he was placed into the general jail population.[21]

Plaintiff did not respond to the motion for summary judgment.

II.   Legal Standard

A party is entitled to summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[22] A genuine issue of material fact exists where "a reasonable jury could return a verdict for the nonmoving party" based on the evidence.[23]

In reviewing a motion for summary judgment, the Court views all evidence in the

---

[16] *Id.* at ¶¶ 11-12.
[17] Doc. 26-3 (Williams Declaration) at ¶¶ 5-9.
[18] *Id.* at ¶¶ 5-8.
[19] Fed. R. Civ. P. 36.
[20] Doc. 26 at 4-5.
[21] *Id.* at 5.
[22] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quotation marks omitted).
[23] *Peffer v. Stephens*, 880 F.3d 256, 262 (6th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Case No. 5:20-cv-00517
Gwin, J.

light most favorable to the nonmoving party.[24] The nonmoving party "must show sufficient evidence to create a genuine issue of material fact"[25] as to each of the claim's required elements.[26] But, summary judgment is still appropriate "[i]f the evidence is merely colorable . . . or is not significantly probative."[27]

*Pro se* pleadings are liberally construed and held to less stringent standards than counsel-drafted pleadings.[28] The Court reads Plaintiff's filings generously to determine his claims' legal underpinnings.

### III. Discussion

#### a. Plaintiff's Non-Response to the Summary Judgment Motion

A moving party's burden to prevail on summary judgment does not change when the non-moving party fails to respond to the motion.[29] When the non-moving party does not respond to a summary judgment motion, the court must "intelligently and carefully review the legitimacy" of the motion and "review carefully those portions of the submitted evidence designated by the moving party."[30] This task requires considering "the possibility of evidentiary misstatements presented by the moving party," while avoiding advocacy for the non-moving party.[31]

#### b. Plaintiff's Lack of Evidence

Plaintiff did not produce any evidence in support of his claims. Plaintiff did not file

---

[24] *Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 500–01 (6th Cir. 2007).
[25] *Id.* at 501 (citation omitted).
[26] *Id.* (noting that a scintilla of evidence is not enough to defeat a summary judgment motion).
[27] *Liberty Lobby, Inc.*, 477 U.S. at 249–50.
[28] *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").
[29] *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 410 (6th Cir. 1992).
[30] *Id.* at 407, 410.
[31] *Id.*

-4-

Case No. 5:20-cv-00517
Gwin, J.

a verified complaint or offer any other authenticated documents. Because his complaint and initial motions were not authenticated, they cannot serve as evidence at the summary judgment stage.[32]

When the opposing party files a properly supported motion for summary judgment, "the non-moving party 'cannot rest solely on the allegations made in [his] pleadings' but 'must set forth by affidavits or otherwise specific facts showing that there is a genuine issue for trial.'"[33]

The Sixth Circuit has held that the "failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion."[34]

### c. Qualified Immunity

Even if Plaintiff had offered sufficient evidence in support of his allegations, qualified immunity would apply to the police officers' conduct.

Police had probable cause to arrest Plaintiff Swaney.

"An officer has probable cause to arrest a suspect when the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense."[35]

The alleged victim's statement to police provided probable cause for Plaintiff Swaney's arrest. The woman told police that Plaintiff Swaney raped her shortly before she

---

[32] *Alexander v. CareSource*, 576 F.3d 551, 558-59 (6th Cir. 2009).
[33] *Nykoriak v. Wileczek*, 666 F. App'x 441, 443 (6th Cir. 2016) (quoting *Skousen v. Brighton High Sch.*, 305 F.3d 520, 527 (6th Cir. 2002)).
[34] *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009).
[35] *Barrera v. City of Mount Pleasant*, 12 F.4th 617, 620 (6th Cir. 2021) (quotation marks omitted).

Case No. 5:20-cv-00517
Gwin, J.

reported the assault.[36] She identified Plaintiff Swaney by name and said they had known each other for years.[37]

Police observed injuries on the victim's face, neck, and thighs, and observed that she had a raspy voice and difficulty swallowing.[38] Police also observed that the victim's clothes were covered in mud.[39] At the time of his arrest, Plaintiff Swaney's shoes were covered in mud.[40]

Before Plaintiff Swaney's arrest, police dispatch told police officers Plaintiff Swaney's name, driver's license number, and outfit description based on the alleged victim's statement.[41] Police arrested Plaintiff Swaney in the area near where the victim reported that the rape occurred.[42]

Plaintiff Swaney's arrest was constitutional because the victim's report gave police probable cause to arrest Plaintiff Swaney.

Searching Plaintiff Swaney for weapons during his arrest was also constitutional. Police may search a suspect's person when placing the suspect under arrest.[43]

Requiring Plaintiff Swaney to remove his clothing to change into a jail uniform was also constitutional. The Supreme Court has held that pretrial strip searches of jail detainees do not violate the Fourth Amendment because "correctional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their

---

[36] Doc. 26-1 (Police Report) at 2.
[37] *Id.* at 2, 4-5.
[38] *Id.* at 4-5.
[39] *Id.* at 1.
[40] *Id.* at 3.
[41] *Id.* at 2-3.
[42] *Id.* at 3.
[43] *United States v. Gooch*, 499 F.3d 596, 604 (6th Cir. 2007).

Case No. 5:20-cv-00517
Gwin, J.

facilities."[44]

## IV. Conclusion

For the reasons described above, the Court **GRANTS** Defendants' summary judgment motion.


IT IS SO ORDERED.

Dated:  February 9, 2022       s/     James S. Gwin
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[44] *Florence v. Bd. of Chosen Freeholders of County of Burlington*, 566 U.S. 318, 328 (2012).